UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KATHRYN A. BELFANCE and** | ) | CASE NO. |
| **PHILIP S. KAUFMANN as** | ) | |
| **Co-Administrators of the Estate of** | ) | |
| **Antony Jones, Deceased** | ) | |
| c/o Spangenberg Shibley & Liber LLP | ) | |
| 1001 Lakeside Avenue East, Suite 1700 | ) | JUDGE |
| Cleveland, OH  44114 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT WITH AFFIDAVIT OF** |
| **STEVEN BARRY** | ) | **MERIT ATTACHED** |
| **SUMMIT COUNTY SHERIFF** | ) | |
| 205 E. Crosier St. | ) | ***[Jury Demand Endorsed Hereon]*** |
| Akron, OH  44311 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ADVANCED CORRECTIONAL** | ) | |
| **HEALTHCARE, INC.** | ) | |
| c/o CT Corporation System | ) | |
| 208 SO LaSalle St., Suite 814 | ) | |
| Chicago, IL  60604 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SUMMIT PSYCHOLOGICAL** | ) | |
| **ASSOCIATES, INC.** | ) | |
| c/o James A. Orlando | ) | |
| 80 S. Summit St., #210 | ) | |
| Akron, OH  44308 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **JEFFREY KHAN, M.D.** | ) | |
| Summit Psychological Associates, Inc. | ) | |
| c/o James A. Orlando | ) | |
| 80 S. Summit St., #210 | ) | |
| Akron, OH  44308 | ) | |
| | ) | |

and                                                        )
                                                           )
**MARK REYNOLDS, R.N.**                                    )
c/o Summit Psychological Associates, Inc.                  )
80 S. Summit St., #120                                     )
Akron, OH  44308                                           )
                                                           )
and                                                        )
                                                           )
**SERGEANT CHRISTOPHER AMORE**                             )
c/o Summit County Sheriff's Office                         )
205 E. Crosier St.                                         )
Akron, OH  44311                                           )
                                                           )
and                                                        )
                                                           )
**SERGEANT ADAM BURKE**                                    )
c/o Summit County Sheriff's Office                         )
205 E. Crosier St.                                         )
Akron, OH  44311                                           )
                                                           )
and                                                        )
                                                           )
**DEPUTY SHERIFF JEFFREY ZALICK**                          )
c/o Summit County Sheriff's Office                         )
205 E. Crosier St.                                         )
Akron, OH  44311                                           )
                                                           )
and                                                        )
                                                           )
**DEPUTY SHERIFF**                                         )
**STEPHANIE BREEDEN**                                      )
c/o Summit County Sheriff's Office                         )
205 E. Crosier St.                                         )
Akron, OH  44311                                           )
                                                           )
and                                                        )
                                                           )
**DEPUTY SHERIFF JACOB HALL**                              )
c/o Summit County Sheriff's Office                         )
205 E. Crosier St.                                         )
Akron, OH  44311                                           )
                                                           )
and                                                        )
                                                           )
_____                   )
                                                           )

**DEPUTY SHERIFF MARVIN HOOVER**                )
c/o Summit County Sheriff's Office              )
205 E. Crosier St.                              )
Akron, OH  44311                                )
                                                )
and                                             )
                                                )
**DEPUTY SHERIFF GARY**                         )
c/o Summit County Sheriff's Office              )
205 E. Crosier St.                              )
Akron, OH  44311                                )
                                                )
and                                             )
                                                )
**DEPUTY SHERIFF AARON GODOWN**                 )
c/o Summit County Sheriff's Office              )
205 E. Crosier St.                              )
Akron, OH  44311                                )
                                                )
and                                             )
                                                )
**DEPUTY SHERIFF HADLEY HICKMAN**               )
c/o Summit County Sheriff's Office              )
205 E. Crosier St.                              )
Akron, OH  44311                                )
                                                )
and                                             )
                                                )
**DEPUTY SHERIFF KUGLER**                       )
c/o Summit County Sheriff's Office              )
205 E. Crosier St.                              )
Akron, OH  44311                                )
                                                )
and                                             )
                                                )
**DEPUTY SHERIFF TERESA STARK**                 )
c/o Summit County Sheriff's Office              )
205 E. Crosier St.                              )
Akron, OH  44311                                )
                                                )
and                                             )
                                                )
**DEPUTY SHERIFF REX CRAIN**                    )
c/o Summit County Sheriff's Office              )
205 E. Crosier St.                              )
Akron, OH  44311                                )

3

|                                                            |     |
| ---------------------------------------------------------- | --- |
| and                                                        | )   |
|                                                            | )   |
|                                                            | )   |
| **MEGAN HUNKUS, L.P.N.**                                   | )   |
| Advanced Correctional Healthcare, Inc.                     | )   |
| c/o CT Corporation System                                  | )   |
| 208 SO LaSalle St., Suite 814                              | )   |
| Chicago, IL  60604                                         | )   |
|                                                            | )   |
| and                                                        | )   |
|                                                            | )   |
| **JENNIFER JONES**                                         | )   |
| Advanced Correctional Healthcare, Inc.                     | )   |
| c/o CT Corporation System                                  | )   |
| 208 SO LaSalle St., Suite 814                              | )   |
| Chicago, IL  60604                                         | )   |
|                                                            | )   |
| and                                                        | )   |
|                                                            | )   |
| **BARBARA FOUSE, L.P.N.**                                  | )   |
| Advanced Correctional Healthcare, Inc.                     | )   |
| c/o CT Corporation System                                  | )   |
| 208 SO LaSalle St., Suite 814                              | )   |
| Chicago, IL  60604                                         | )   |
|                                                            | )   |
| and                                                        | )   |
|                                                            | )   |
| **TANISHA BROOKS**                                         | )   |
| Advanced Correctional Healthcare, Inc.                     | )   |
| c/o CT Corporation System                                  | )   |
| 208 SO LaSalle St., Suite 814                              | )   |
| Chicago, IL  60604                                         | )   |
|                                                            | )   |
|                                        Defendants.         | )   |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Kathryn A. Belfance and Philip S. Kaufmann, Co-Administrators of the Estate of Antony Jones, Deceased, by and through counsel, and state and aver as follows for their Complaint against the above-named Defendants.

## **PRELIMINARY STATEMENT**

1.      The claims asserted herein arise from the September 2, 2017 death of Antony Jones, 36, who, while under the care, custody, and control of the Summit County Jail, was assaulted, beaten, tasered, restrained, and otherwise subjected to excessive force all of which resulted in his untimely death.

2.      This action seeks relief for violations of the Decedent's rights secured and guaranteed by Title 42, Section 1983 of the United States Code ("U.S.C."), the Fourteenth Amendment to the United States Constitution, the laws of the United States and the Constitution and laws of the state of Ohio.

3.      This action also seeks relief under state law for medical negligence, assault and battery, intentional infliction of emotional distress, and wrongful death.

4.      The claims asserted herein arise from acts, failures to act and omissions committed, and policies, procedures and customs in place and/or implemented, while Plaintiffs' Decedent, Antony Jones, was in the custody of the Summit County Sheriff and during his detention at the Summit County Jail from on or about August 8, 2017 through on or about September 1, 2017, during which time the Defendants, all of whom were acting under the color of law, violated the known and clearly established constitutional rights of Plaintiffs' Decedent to be free from the use of excessive force, to due process of law and to necessary medical and mental health care and treatment.

5.      Defendants Summit County Deputies Jeffrey Zalick, Stephanie Breeden, Teresa Stark, Jacob Hall, Marvin Hoover, Gary (first name unknown at this time), Aaron Godown, Rex Crain, Hadley Hickman, Kugler (first name unknown at this time), Sergeant Christopher Amore, and Sergeant Adam Burke, (collectively, the "Correction

5

Officer Defendants") employed, participated in, authorized, ratified, and/or failed to intervene to prevent unreasonable, outrageous and excessive uses of force under the circumstances, and acted willfully, wantonly, maliciously, recklessly, and with deliberate indifference to and callous disregard for Antony Jones' constitutional rights, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to his injuries and wrongful and untimely death as alleged and described herein.

6.     Defendants, Megan Hunkus, L.P.N., Jennifer Jones, R.N., medical assistant Tanisha Brooks, and Barbara Fouse, L.P.N. (collectively, the "Nursing Defendants") acted negligently, willfully, wantonly, maliciously, and with reckless and callous disregard for and deliberate indifference to the safety and serious medical and mental health needs of Antony Jones, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to Antony's injuries and wrongful and untimely death as alleged and described herein.

7.     At all times relevant, the Nursing Defendants were acting within the course and scope of their employment with, and at the direction and for the benefit of, Defendant Advanced Correctional Healthcare, Inc. ("ACH") rendering Defendant ACH vicariously liable pursuant to the doctrine of *respondeat superior* for their acts and omissions alleged herein.

8.     Defendant Jeffrey Khan, M.D. acted negligently, willfully, wantonly, maliciously, and with reckless and callous disregard for and deliberate indifference to the safety and serious medical and mental health needs of Antony Jones, and in a manner that shocks the conscience and offends traditional notions of decency, all of

which led to Antony's injuries and wrongful and untimely death as alleged and described herein.

9.      Defendant Mark Reynolds, R.N. acted negligently, willfully, wantonly, maliciously, and with reckless and callous disregard for and deliberate indifference to the safety and serious medical and mental health needs of Antony Jones, and in a manner that shocks the conscience and offends traditional notions of decency, all of which led to Antony's injuries and wrongful and untimely death as alleged and described herein.

10.     At all times relevant, Defendants Khan and Reynolds were acting within the course and scope of their employment with, and at the direction and for the benefit of, Defendant Summit Psychological Associates, Inc. ("SPA") rendering Defendant SPA vicariously liable pursuant to the doctrine of *respondeat superior* for their acts and omissions alleged herein.

11.     At all times relevant, Defendants Summit County Sheriff Steven Barry, ACH, and SPA implemented and/or had in place, policies and customs, written and unwritten, that violated and/or that were applied in such a way that they violated the constitutional rights of detainees at the Summit County Jail, including Antony Jones, to be free from the use of excessive force and to prompt and adequate medical and mental health care to treat serious medical and mental health needs.

12.     Plaintiffs seek monetary damages, compensatory and punitive, as well as an award of costs and reasonable attorneys' fees, and all such other relief as the Court deems appropriate.

13.     An Affidavit of Merit under Ohio Rule of Civil Procedure 10(D) is attached hereto as Exhibit 1 in connection with the state law claims for medical negligence asserted herein.

### PRELIMINARY ALLEGATIONS

14.     Plaintiffs allege that the conduct the Defendants deprived the Decedent, Antony Jones, of his constitutional rights to be free from unreasonable/excessive force, and to medical and mental health care for his serious medical and mental health condition(s) and needs and caused Antony Jones to suffer grievous physical and mental pain, suffering, anxiety, harm and death while detained at the Summit County Jail and under the direct and continuous custody, control, supervision and care of the Defendants.

15.     Plaintiffs further allege that Defendants ACH, SPA, the Nursing Defendants, and Defendants Khan and Reynolds were negligent in the medical and mental health care rendered and not rendered to Antony Jones while he was detained at the Summit County Jail, all of which proximately caused injury and death to Antony Jones.

16.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, *inter alia*, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing, or failing or refusing, with deliberate indifference to and reckless disregard for Antony Jones' safety and clearly established and known rights, to initiate and maintain adequate training, supervision and staffing; by failing to maintain proper and adequate policies, procedures and protocols, and customs and practices; and by ratifying the

unlawful conduct performed by agents and officers, deputies, medical providers, personnel and employees under their direction, supervision and control.

## JURISDICTION AND VENUE

17.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343, as certain claims asserted herein arise under the Constitution and laws of the United States, to wit, the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.  Pendant jurisdiction over state law claims asserted herein is invoked.

18.     Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b)(2).

## PARTIES

19.     Kathryn A. Belfance and Philip S. Kaufmann are the duly appointed Co-Administrators of the Estate of Antony Jones, Deceased, Summit County Probate Court, Case No. 2017 ES 830.

20.     Prior to his death, Antony Jones was a citizen of the United States residing in Ohio within the Northern District entitled to the protections of the Constitutions and laws of the United States and the state of Ohio.

21.     At all times relevant, Defendant ACH is and was an Illinois for-profit corporation, which contracted with Defendant Sheriff Barry to provide adequate, necessary and reasonable medical care, screening, assessment, treatment, intervention, referral, and attention to those detained at the Summit County Jail, and which was acting under color of law.  At all times relevant, Defendant ACH is and was a "person" as defined under 42 U.S.C. § 1983 and is sued herein in its individual corporate capacity.

22.     At all times relevant, Defendant SPA is and was an Ohio for-profit corporation, which contracted with Defendant Sheriff Barry to provide adequate, necessary and reasonable mental health care, screening, assessment, treatment, intervention, referral, and attention to those detained at the Summit County Jail, and which was acting under color of law.  At all times relevant, Defendant SPA is and was a "person" as defined under 42 U.S.C. § 1983 and is sued herein in its individual corporate capacity.

23.     At all times relevant, Defendant Sheriff Barry was the Sheriff of Summit County, Ohio and, through the Summit County Sheriff's Office and its employees and agents, was the Sheriff of a duly authorized law enforcement agency, with the ability to sue and be sued, residing in Summit County in the Northern District of Ohio.  At all times relevant, Defendant Sheriff Barry is and was a "person" as defined under 42 U.S.C. § 1983.  Defendant Sheriff Barry is sued herein in his official capacity as the Summit County Sheriff.

24.     At all times relevant, Defendant Sheriff Barry and his office was responsible and under a legal duty to provide for the administration, operation and supervision of the Summit County Jail and for the promulgation, enforcement and review of rules, regulations, policies, customs and practices relevant thereto, who was acting under color of law.

25.     Defendant Sheriff Barry operated, maintained and/or controlled the Summit County Jail at which Antony Jones was detained from on or about August 8, 2017 through September 1, 2017, during which time he was under the exclusive

10

custody, control and care of Defendant Sheriff Barry, including the employees and agents of the Summit County Sheriff's Office.

26.    At all times relevant, Defendant Sheriff Barry was under a non-delegable duty to promulgate policies, practices, procedures and/or customs to ensure that detainees at the Summit County Jail were not subjected to excessive and/or unreasonable force in violation of their constitutional rights.

27.    At all times relevant, Defendant Sheriff Barry was under a non-delegable duty to refrain from using excessive and/or unreasonable force on those detained at the Summit County Jail, and to ensure that detainees at the Summit County Jail were not subjected to excessive and/or unreasonable force in violation of their constitutional rights.

28.    At all times relevant, Defendant Sheriff Barry was under a non-delegable duty to promulgate policies, practices, procedures and/or customs to ensure that detainees at the Summit County Jail were provided with adequate, necessary, and reasonable medical and mental health care, screening, assessment, treatment, intervention, referral and attention.

29.    At all times relevant, Defendant Sheriff Barry was under a non-delegable duty to provide adequate, necessary and reasonable medical and mental health care, screening, assessment, treatment, intervention, referral and attention to those detained at the Summit County Jail.

30.    At all times relevant, the Corrections Officer Defendants were Summit County Sheriff's Department employees acting within the course and scope of their employment with the Summit County Sheriff, and under the color of law, who were

directly responsible for Antony Jones' custody, supervision, control, and care at the Summit County Jail.  The Correction Officer Defendants are each "persons" as defined in 42 U.S.C. § 1983 and are sued herein in their individual capacities.

31.　　At all times relevant, Defendants Amore and Burke, were Sergeants acting within the course and scope of their employment with the Summit County Sheriff, and under the color of law, who were directly responsible for Antony Jones' custody, supervision, control, and care at the Summit County Jail.  Defendants, Amore and Burke are "persons" as defined by 42 U.S.C. § 1983 and are sued herein in their individual capacities.

32.　　At all times relevant, The Nursing Defendants were medical and/or mental health personnel who were directly responsible for Antony Jones's medical and/or mental health care while he was detained at the Summit County Jail, acting under the color of law and within the course and scope of their employment with Defendant ACH. The Nursing Defendants are each "persons" as defined by 42 U.S.C. § 1983 and are sued herein in their individual capacities.

33.　　At all times relevant, Defendant Khan provided and/or failed to provide medical and/or mental health care to Antony and was directly responsible for Antony Jones's medical and/or mental health care while Antony was detained at the Summit County Jail, acting under the color of law and within the course and scope of his employment with Defendant SPA.  Defendant Khan is a "person" as defined by 42 U.S.C. § 1983 and is sued herein in his individual capacity.

34.　　At all times relevant, Defendant Reynolds provided and/or failed to provide medical and/or mental health care to Antony and was directly responsible for Antony

Jones's medical and/or mental health care while Antony was detained at the Summit County Jail, acting under the color of law and within the course and scope of his employment with Defendant SPA. Defendant Reynolds is a "person" as defined by 42 U.S.C. § 1983 and is sued herein in his individual capacity.

## GENERAL FACTUAL ALLEGATIONS

35. Antony Jones was detained at the Summit County Jail from on or about August 8, 2017, to on or about September 1, 2017. During this period of detention Antony was within the continuous exclusive custody, supervision, care, and control of Defendant Sheriff Barry and the Corrections Officer Defendants. Antony was under the continuous and exclusive medical and mental health care and supervision of Defendants Sheriff Barry, ACH, SPA, the Nursing Defendants, Defendant Reynolds, and Defendant Khan.

36. Jones had been detained in the Summit County Jail on previous occasions. Defendant ACH, SPA, and/or Defendant Sheriff Barry were obligated to perform a medical and mental health intake screening on each prior occasion.

37. Antony Jones had a known history of diagnosed mental health conditions and issues including, but not necessarily limited to, schizophrenia, paranoia, paranoid schizophrenia, psychosis, depression, and bipolar disorder, for which he required treatment, therapy and monitoring, including prescription drug treatment, therapy and monitoring.

38. During one of his previous detentions at the Summit County Jail, Defendant ACH and/or SPA diagnosed Antony with schizophrenia and recommended that he be housed on the Jail's mental health pod.

13

39.     At all times relevant, the Defendants were aware and on notice, or should have been aware, of Antony's history of mental health issues, including his schizophrenia and paranoia diagnoses/conditions.

40.     At all times relevant, Defendants Sheriff Barry, ACH, SPA, Reynolds, Khan, and the Nursing Defendants were in possession of and had access to, and under a duty to obtain, Antony's outside mental health records, including from Portage Path Behavioral Health, which records document Antony Jones' diagnoses and treatment, including prescription drug therapy.

41.     During the period of detention at issue, Antony purportedly underwent medical and mental health evaluation(s).  Defendant ACH and SPA, through its agents and employees, including Defendant Khan, refused to order and continue Antony's necessary medication(s) for his mental health conditions, including schizophrenia and paranoia.

42.     Even though Defendant ACH and SPA, through its agents and employees, including Defendant Khan, had access to, were aware and/or should have been aware of Antony's mental health history that required prescription medication(s), these Defendants placed Antony in a general housing unit at the Summit County Jail as opposed to the mental health pod/unit.

43.     On information and belief, at all times relevant herein, Defendant Summit County Sheriff was not capable of providing mental health housing, placement, classification and the attendant care and supervision thereto at the Summit County Jail in violation of Antony Jones' clearly established rights guaranteed by the United States Constitution.

14

44.     At all times relevant, Antony Jones was behaving erratically, was acting paranoid, and was in the obvious throes of an exacerbation of his underlying mental health condition(s) and/or a mental health crisis.

45.     On or about September 1, 2017, Defendant Zalick decided that he would and/or was instructed to move Antony to another unit from where Antony was located and/or being housed.   On information and belief, Deputy Zalick decided or was otherwise instructed to transfer Antony to a disciplinary cell (the "hole").

46.     On information and belief, on September 1, 2017, Defendant Zalick informed Antony that he was being sent back to the "hole" located in unit 3B.   In response, Antony clutched his bible and asked to pray.

47.     On information and belief, while escorting Antony Jones in the hallway, Antony asked "why are you doing this to me?" and pulled his arm away from Defendant Zalick.

48.     Defendant Zalick immediately bear-hugged Antony from behind, lifted him off his feet and slammed him to the ground.   Antony Jones was 5'8" and weighed between 150 and 160 lbs.   Defendant Zalick's response and use of force was unreasonable and excessive under the circumstances.

49.     Multiple Sheriff's Deputies arrived and pinned Antony to the ground in a prone position.   While Antony was prone on the ground, Defendant Godown and the other Correction Officer Defendants bent Antony's legs back and placed substantial body weight and pressure on his legs, torso, back, arms, neck, head, and shoulders.

50.    While Antony was on the ground the Correction Officer Defendants assaulted Antony, including, but not limited to, forcing his head to the ground with their feet.

51.    While the Corrections Officer Defendants applied pressure to Jones's neck, back, torso, arms, head and legs, Antony struggled against the substantial force and pressure exerted on him.

52.    During the incident Antony was tasered multiples times, including at least three (3) times in the chest area directly over his heart.

53.    During the incident Antony was punched numerous times in the face and head area causing Antony to bleed from those areas.

54.    The Corrections Officer Defendants placed a hood, called a spit mask, over Antony's face and head during the incident.

55.    Each of the Correction Officer Defendants held down, restrained, punched/struck, tasered, or used force against Antony at some point during the incident at issue.

56.    Eventually the Correction Officer Defendants placed Antony into a restraint chair.

57.    The Correction Officer Defendants struck Antony in the hip, side, and face and head, while and after Antony was restrained in the restraint chair. Defendant Hoover punched/struck Antony twice in the face with his elbow and Defendant Burke punched Antony in his hip and side, all while Antony was restrained in the restraint chair. Defendant Godown applied pressure to Antony's neck through a head lock or neck hold, while Antony was restrained in the restraint chair.  On information and belief,

other Corrections Officer Defendants struck, restrained or otherwise applied unreasonable and excessive force after and while Antony was restrained in the restraint chair.

58.     On information and belief the Nursing Defendants were present and/or aware of the incident during which Antony was assaulted, tasered, and forcibly restrained in a prone position, but did not intervene.

59.     While restrained in the restraint chair, Antony was discovered to not be breathing, or having difficulty breathing, and became unresponsive.

60.     Eventually, an outside emergency call was made and paramedics from the Akron Fire Department responded to the Summit County Jail.

61.     Antony Jones was transported to Akron General Hospital where he died on September 2, 2017.

62.     On autopsy Antony was found to have blunt force injuries to his extremities, torso, face and head, deep muscular bruising to his arms, legs, upper and mid back, and buttocks consistent with substantial pressure applied by the Correction Officer Defendants while forcibly restraining Antony in a prone position, as well as three paired puncture taser marks to his chest area directly over his heart.

63.     The Summit County Medical Examiner concluded there was "no evidence of a catastrophic natural event" to explain Antony's death "following a poorly characterized altercation with deputies."  The Summit County Medical Examiner further reported that the three paired puncture marks on Antony's chest were "strongly suggestive of Taser deployments," but "[t]he reported information regarding Taser use [from Summit County Sheriff deputies] is inconsistent with the autopsy findings…"

64.     Antony Jones died at age 36.  He is survived by his minor children, his mother and other next of kin.

## FIRST CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1983 Against the Correction Officer Defendants for Unreasonable Excessive Force in Violation of the Fourteenth Amendment.)

65.     Plaintiffs restate the above paragraphs by reference as if fully rewritten herein.

66.     The Correction Officer Defendants were aware and on notice of Antony's mental health issues.

67.     At the time and place referenced above herein, the Corrections Officer Defendants in turn or together pinned Jones to the ground, and forcibly restrained him prone on his stomach, and/or supervised or failed to intervene when Antony was pinned to the ground in a prone position.  The Corrections Officer Defendants assaulted and battered, or supervised or failed to intervene when fellow officers assaulted and battered Antony with their hands and feet, before and while Antony was restrained in the restraint chair, including, but not limited to, striking Antony multiple times in the face and head and applying pressure to Antony's neck.

68.     The Correction Officer Defendants used force and restrained Antony in a manner so as to create asphyxiating conditions.

69.     At times relevant to this Claim For Relief, Antony did not represent a meaningful risk or threat to anyone warranting the uses of force and treatment by the Correction Officer Defendants at issue.

70.     Defendant Crain tasered Antony at least once during the incident.

71.    One or more of the Corrections Officer Defendants tasered Antony in the chest during the incident at issue at least three times, including, on information and belief, while/after Antony was restrained in the restraint chair.

72.    During the incident Antony Jones was restrained prone with substantial pressure applied to his back, torso, legs, neck, arms, head, and shoulders for an unreasonable period of time, struck and punched in the face, head and neck numerous times, choked, restrained in a restraint chair, had a hood put over his head and face, and was tasered in the chest.

73.    The force employed by the Correction Officer Defendants in forcibly restraining Antony in a prone position, applying significant weight to his back, legs, torso, shoulders, head, and neck for a significant period of time, striking him multiple times in the head and face, and deploying a Taser multiple times, participating in the foregoing acts, ordering, authorizing, directing, supervising, approving and/or ratifying the foregoing acts and acquiescing, failing and/or refusing to prevent and intervene in the foregoing acts and omissions, constitute conduct under the color of law which deprived Plaintiffs' Decedent, Antony Jones, of his clearly established and known rights to be free from unreasonable excessive uses of force under the Fourteenth Amendment.

74.    As a direct and proximate result of these Defendants' violations of Antony Jones's constitutional rights, which resulted in his wrongful and untimely death, Plaintiffs' Decedent, Antony Jones, was forced to endure and suffered extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses.

**WHEREFORE,** Plaintiffs pray for judgment against the Correction Officer Defendants, jointly and severally, for:

a)  Compensatory damages in an amount that will fully and fairly compensate of the Estate of Plaintiffs' Decedent, Antony Jones for Antony's injuries, damage and loss;

b)  Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)  Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d)  All such other relief which the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
**(Violation of 42 U.S.C. § 1983 Against Defendants, Sheriff Barry, ACH, SPA, the Correction Officer Defendants, the Nursing Defendants, and Defendants Reynolds and Khan for Deliberate Indifference to Serious Medical/Mental Health Needs in Violation of Fourteenth Amendment.)**

75.  Plaintiffs restate the above paragraphs by reference as if fully rewritten herein.

76.  This Second Claim for Relief is brought against Defendants Sheriff Barry, ACH, SPA, the Correction Officer Defendants, the Nursing Defendants, and Defendants Reynolds and Khan pursuant to 42 U.S.C. § 1983 for deliberate indifference to and callous and/or reckless disregard for the rights, safety and critical medical and mental health needs of Plaintiffs' Decedent, Antony Jones, an individual suffering from an obvious and known acute medical/mental health condition that required appropriate care, treatment, assessment, intervention, referral, medication and attention to prevent substantial physical and mental health deterioration and death.

77.     At all times relevant, to wit: after Defendants Dr. Khan, SPA, and/or ACH refused to order and/or continue Antony's known and necessary prescription medication(s), Defendants Sheriff Barry, Khan, SPA, and/or ACH recommended housing Antony in general population instead of on the mental health pod.  On information and belief, the Summit County Jail was not capable of housing Antony on the mental health pod. Antony exhibited concerning and erratic behavior and paranoia. While escorting Antony to another unit, and while Antony was in the throes of a mental health crisis, the incident during which Antony was assaulted, battered and restrained as described above herein took place as a direct and proximate result of these Defendants' refusal to appropriately treat, classify/house, diagnose and care for Antony.

78.     The Defendants named in the Second Claim for Relief knew, were on notice of and/or should have known that because of Antony's documented preexisting diagnosed conditions of schizophrenia, post-traumatic stress disorder, mood disorder, depressive disorder, and anxiety disorder, Antony would exhibit erratic paranoid behaviors, especially so if not properly medicated, housed and treated.

79.     Despite knowledge of Antony Jones's serious medical and mental health condition(s) and needs, the Defendants named in this Claim for Relief were deliberately indifferent to and/or acted with callous/reckless disregard for those serious medical and mental health needs in failing and/or refusing to provide the necessary medical care, assessment, evaluation, intervention, referral, prescription medication(s), housing, and treatment.

80.     The Defendants named in this Claim for Relief knew, were on notice of and/or should have known, that failing to deescalate the situation and/or using the types

21

and amount of force described herein and/or participating in said uses of force and/or authorizing and/or acquiescing or failing to intervene in the types and amount of force used on Antony, could and would result in the rapid and permanent deterioration of Antony Jones's health and ultimately death.

81.    At all times relevant, Antony was suffering an objectively obvious serious medical and/or mental health condition/episode for which he required immediate care, treatment, medication(s), and referral, the refusal of which posed a high risk of and did cause serious injury and death.

82.    At all times relevant, the Defendants named in this Claim for Relief were subjectively aware of the seriousness of Antony's medical and mental health conditions and the risk of death or serious injury if said conditions were not immediately addressed with appropriate care.

83.    Despite the obviousness of Antony's condition and the known risk of death or serious injury absent immediate appropriate care, the Defendants named in this Claim for Relief failed and refused to secure the medical care necessary and were deliberately indifferent to Antony Jones's condition and the risks posed thereby absent appropriate care.

84.    As a direct and proximate result of the conduct of the Defendants named in this Claim for Relief in denying Antony Jones necessary mental health and medical assessment, evaluation, care, intervention, referral and treatment, Plaintiffs' Decedent, Antony Jones, was forced to endure and suffered extreme physical, mental and emotional pain and suffering, death and pecuniary loss, including medical expenses.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants named in this Claim for Relief, jointly and severally, for:

   a)   Compensatory damages in an amount that will fully and fairly compensate the Estate of Plaintiffs' Decedent, Antony Jones, for his injuries, damage, and loss;

   b)   Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

   c)   Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

   d)   All such other relief which the Court deems appropriate.

### THIRD CLAIM FOR RELIEF
**(Violation of 42 U.S.C. § 1983 Against Defendants Sheriff Barry, ACH and SPA for Failure to Supervise and Train, and for Customs, Policies, and Practices Causing Constitutional Violations of the Fourteenth Amendment.)**

85.   Plaintiffs restate the above paragraphs by reference as if fully rewritten herein.

86.   Plaintiffs are informed and believe and thereon allege Defendants Sheriff Barry, ACH, and SPA failed to train and supervise the ACH, SPA employees, and the Summit County Jail deputies, and each of them separately, promulgated and maintained *de facto* unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) and its progeny.

87.   Plaintiffs are informed and believe and thereon allege that Defendants Barry, ACH, and SPA knew, were on notice of or should have known, of a history, custom, propensity, and pattern at times relevant to the allegations herein for ACH and

23

SPA employees and Summit County Jail deputies, officers and employees of violating the constitutional rights' of jail detainees by using excessive force and acting with a deliberate indifference to the serious medical needs of detainees by refusing to provide prompt and competent access to and delivery of medical and mental health assessment, evaluation, care, intervention, referral and treatment.

88.    Plaintiffs are informed and believe and thereon allege that prior to the incident(s) alleged herein, the Defendants named in this Claim for Relief and other ACH and SPA employees and Correction Officer Defendants, officers, employees, agents, nurses, medical directors, medical and mental health care providers, and doctors, acting under their authority as officers and/or within the course and scope of their employment with Defendants ACH, SPA, and the Summit County Sheriff's Office, committed similar acts of:

> a)    Using excessive and unreasonable force, including the overuse and unnecessary use of prone positioning in combination with physical assault and the use of Tasers, while detainees, including Antony Jones, are restrained;
>
> b)    Failing and/or refusing to provide timely adequate access to and delivery of medical care, assessment, evaluation, intervention, referral and treatment for detainees at the Summit County Jail with obvious and/or known serious medical and mental health conditions and needs;
>
> c)    Using contraindicated force on detainees, including Antony Jones, who are medically ill/infirm and/or who have not been

adequately assessed, evaluated, and/or screened for mental health condition/infirmities; and

d)    Failing and/or refusing to designate certain types and modalities of force as medically contraindicated for certain detainees at the Summit County Jail whom have known, or knowable, serious medical and mental health conditions.

89.    Plaintiffs are informed and believe and thereon allege that the Defendants Sheriff Barry, ACH, and SPA, implemented or promulgated customs, policies, or practices for the training and supervision of their employees and the Summit County Jail deputies on the use of force and proper medical and/or mental health care that one their face violate the Fourteenth Amendment. Alternatively, on information and belief, Defendants Sheriff Barry, ACH, and SPA implemented otherwise facially valid customs and policies in a manner such that constitutional violations were likely to be and were visited upon jail detainees including Plaintiffs' Decedent Antony Jones.

90.    Plaintiffs are informed and believe and thereon allege that the Defendants named in this Claim for Relief knew, were on notice of and/or should have known, of this custom, pattern, or practice of unconstitutional violations, or the existence of facts, practices, customs and/or habits, which create the strong potential for unconstitutional acts, and these Defendants had a duty to supervise, train and instruct their subordinates to prevent similar acts to other detainees at the Summit County Jail, including Antony Jones, but failed and/or refused to take reasonable and necessary steps to properly supervise, train, instruct, or investigate officers, physicians, nurses, medical and mental health personnel and/or agents or employees of Defendants ACH, SPA, and the

Summit County Sheriff and as a direct and proximate result, Plaintiff's Decedent, Antony Jones, was harmed and suffered death in the manner threatened by the pattern(s) or practice(s).

91.     At all times relevant, the Defendants named in this Claim for Relief had the duty:

a)      To train, supervise and instruct deputies, officers, nurses, physicians, medical and mental health personnel, and other agents and employees to ensure that they respected and did not violate federal constitutional and statutory rights of detainees at the Summit County Jail with regard to providing necessary medical care and the reasonable and appropriate use of force;

b)      To objectively investigate incidents of in-custody injury, deaths, inadequate classifications and contraindicated housing, denials of prescription medications, and incidents of in-custody use of excessive force and uses of contraindicated force, and to take necessary remedial action;

c)      To provide access to and delivery of timely competent medical and mental health assessment, evaluation, intervention, referral, care, treatment, follow-up and attention to medically and/or mentally ill detainees at the Summit County Jail;

d)   To monitor the medical and mental health care and treatment provided to mentally and physically ill detainees at the Summit County Jail;

e)   To monitor and periodically review the adequacy of medical and custodial staffing to ensure adequacy of medical and mental health care, treatment, intervention, referral and attention rendered to mentally and physically ill detainees at the Summit County Jail;

f)   To comply with the statutory guidelines and the standard(s) of care protecting detainees at the Summit County Jail and/or in the custodial setting;

g)   To adequately discipline and establish reasonable procedures to document and correct past violations, and to prevent future violations of constitutional rights of detainees at the Summit County Jail, by not condoning, ratifying and/or encouraging the violation of Antony Jones' and other detainees' constitutional rights; and

h)   To adequately and periodically train custodial and medical and mental health staff on understanding, recognizing, reporting and responding to issues of physical and mental health/episodes/symptoms of detainees at the Summit County Jail.

92. The Defendants named in this Claim for Relief breached the foregoing duties by:

a) Failing and/or refusing to train, supervise and instruct deputies, officers, nurses, physicians, medical and mental health personnel, and other employees of Defendants Advanced Correctional Healthcare, Inc. and the Summit County Sheriff at the Summit County Jail, on the violations of the constitutional rights of Plaintiffs' Decedent and other detainees;

b) Failing and/or refusing to objectively investigate: in-custody injury, deaths, inadequate classifications and contraindicated housing, denials of prescription medications, and incidents of in-custody use of excessive force and uses of contraindicated force, and failing and/or refusing to take necessary remedial action;

c) Failing and/or refusing to provide timely competent medical and mental health assessment, evaluation, care, treatment, referral, and intervention for mentally and physically ill detainees at the Summit County Jail, which resulted in serious injury or death;

d) Failing and/or refusing to monitor a detainee's medical and mental health condition, which resulted in serious injury or death;

e)    Failing and/or refusing to monitor and periodically review the quality of medical and mental health assessment, evaluation, care, treatment, referral and intervention provided to mentally and physically ill detainees;

f)    Failing and/or refusing to monitor and periodically review the timelines and adequacy of medical and mental health assessment, evaluation, care, treatment, referral and intervention rendered to mentally and physically ill detainees;

g)    Failing and/or refusing to comply with the statutory guidelines and the standard(s) of care protecting detainees at the Summit County Jail and/or in the custodial setting;

h)    Failing and/or refusing to adequately discipline and establish reasonable procedures to document and correct past violations, and to prevent future violations of constitutional rights of detainees at the Summit County Jail, by not condoning, ratifying and/or encouraging the violation of Antony Jones's and other detainees' constitutional rights;

i)    Failing and/or refusing to adequately and periodically train custodial and medical and mental health staff on understanding, recognizing, reporting and responding to issues of physical and mental health/episodes/symptoms of detainees at the Summit County Jail; and

j)      Overseeing, supervising, authorizing, approving of and/or
ratifying the medical and mental health care and access
thereto provided and not provided to Antony Jones.

93.     As a direct and proximate result of the customs, policies and/or practices
of the Defendants named in this Claim for Relief which violate the Fourteenth
Amendment and the failure to train or supervise their employees, Plaintiffs' Decedent,
Antony Jones was forced to endure and suffer extreme physical, mental and emotional
pain and suffering, death and pecuniary loss, including medical expenses.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant Sheriff Barry and
Defendants ACH and SPA, jointly and severally, for:

a)      Compensatory damages in an amount that will fully and fairly
compensate Plaintiffs' Decedent, Antony Jones, for his
injury, damage and loss;

b)      Punitive damages that will serve to adequately punish and
deter the conduct alleged herein;

c)      Costs of suit and reasonable attorneys' fees pursuant to 42
U.S.C. § 1988; and

d)      All such other relief which the Court deems appropriate.

<u>**FOURTH CLAIM FOR RELIEF**</u>
**(Medical Negligence Against Defendants SPA, ACH, the Nursing Defendants, and
Defendants Reynolds and Khan)**

94.     Plaintiffs restate and incorporate the above paragraphs as if fully rewritten
herein.

30

95.    At all times relevant, Antony Jones was under the care and supervision of Defendants ACH, SPA, their employees and agents, the Nursing Defendants, and Defendants Reynolds and Khan.

96.    At all times relevant, Defendants ACH, SPA, the Nursing Defendants, and Defendants Reynolds and Khan owed Antony a duty of care for the proper treatment and diagnosis of his medical and mental health conditions.

97.    Even though these Defendants were aware of Antony Jones' history of and currently ongoing mental health issues that required prescription medication, Defendants, including specifically Dr. Khan, diagnosed Antony with "unspecified depressive disorder," changed his medication, and ordered that he be housed in a general housing unit.

98.    Defendants ACH, SPA, the Nurse Defendants and Defendants Reynolds and Khan negligently and with reckless disregard for Antony's safety provided medical and/or mental health care to Antony, including, but not limited to, failing to properly diagnosis Antony's mental health condition(s), failing to order the necessary prescription medications, failing to obtain the appropriate referral and treatment, and failing to house him in the mental health pod and/or an appropriate facility.

99.    At all times relevant, the negligence and recklessness of the Defendants named in this Claim for Relief fell below the applicable standards of care required under the circumstances.

100.    As a direct and proximate result of the negligence and recklessness of the Defendants named in this Claim for Relief, and their agents and employees, Plaintiffs' Decedent, Antony Jones, was forced to and did endure and suffer extreme physical,

mental, and emotional pain and suffering, death, and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings and/or benefits.

WHEREFORE, Plaintiffs pray for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a) Compensatory damages in an amount that will fully and fairly compensate Plaintiffs, the Estate of Plaintiffs' Decedent, Antony Jones, and the next of kin of Plaintiff's Decedent, for their injury, damage and loss;

b) Punitive damages that will serve to adequately punish and deter the conduct alleged;

c) Costs of suit and reasonable attorneys' fees; and

d) All other such relief the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
### (Assault and Battery Against the Corrections Officer Defendants)

101.   Plaintiffs restate and incorporate the above paragraphs as if fully rewritten herein.

102.   The Corrections Officer Defendants intentionally and unlawfully threatened Antony Jones with physical harm and violence against his person.  It appeared, and ultimately proved to be true, that these Defendants had the ability to carry out the threats of physical harm and violence against him.  As a direct and proximate result, Antony was placed in imminent fear of harm by these Defendants.

103.   The Corrections Officer Defendants committed, participated in committing, authorized and/or acquiesced and/or failed to intervene in the commission of unlawful acts of physical harm and violence against Antony Jones, including, but not limited to:

a)   Forcibly restraining Antony in a prone position for an unreasonable period of time;

b)   Using unreasonable and excessive force;

c)   Using unreasonable and excessive restraint, including physically assaulting Jones in the head and face while forcing him into and after was restrained in a restraint chair;

d)   Deploying Tasers to Jones multiple times, including to his chest, even though he was being restrained by up to ten deputies and/or while in a restraint chair; and

e)   Striking and choking Antony after he was restrained in the restraint chair.

104.   The Corrections Officer Defendants acted maliciously, intentionally, and with a conscious, reckless and/or callous disregard for the safety of Antony Jones and in a manner that was likely and substantially certain to, and did, cause grievous injury and death to Antony Jones.

105.   These acts committed against Antony directly and proximately caused him to sustain serious physical injury, mental pain and suffering and death.  Said acts constitute unlawful and unprivileged assault and battery.

106.   As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed against Antony Jones, he was forced to and did endure and suffer extreme physical, mental, and emotional pain and suffering, death, and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings and/or benefits.

33

107.   As a direct and proximate result of these Defendants' unlawful acts of assault and battery committed by the Defendants named in this Claim for Relief, Antony Jones, and Plaintiffs suffered mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, services, guidance, loss of enjoyment of life, and pecuniary loss, including medical expenses, funeral and burial expenses, and lost earnings/income and/or benefits.

**WHEREFORE,** Plaintiffs pray for judgment against the Defendants named in this Claim for Relief, jointly and severally, for:

a)   Compensatory damages in an amount that will fully and fairly compensate the Estate and next of kin of Antony Jones, including, but not limited to, damages for lost services, support, loss of companionship, protection and mental anguish; lost wages and loss of net accumulations to the Estate; funeral expenses; and medical expenses;

b)   Punitive damages against in an amount that will serve to adequately punish and deter the conduct alleged herein;

c)   Costs of suit and reasonable attorneys' fees; and

d)   All such other relief which the Court deems appropriate.

### SIXTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress against Defendant Sheriff Barry and the Correction Officer Defendants)**

108.     Plaintiffs restate and incorporate the above paragraphs as if fully rewritten herein.

109.    The Correction Officer Defendants intended to cause Antony Jones serious emotional distress.

110.    The Corrections Officer Defendants' conduct alleged herein was extreme and outrageous.

111.    The Corrections Officer Defendants' conduct proximately caused Antony jones serious emotional distress.

112.    Defendant Sheriff Barry is vicariously liable for the Correction Officer Defendants' intentional infliction of emotional distress alleged herein.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant Sheriff Barry and the Corrections Officer Defendants, jointly and severally, for:

a)    Compensatory damages in an amount that will fully, fairly and adequately compensate Antony Jones for the serious emotional distress he suffered;

b)    Punitive damages in an amount that will adequately punish and deter the conduct alleged herein;

c)    Costs and attorneys' fees; and

d)    Any other relief this Court deems equitable.

## SEVENTH CLAIM FOR RELIEF
### (Wrongful Death Against all Defendants)

112.    Plaintiffs restate and incorporate the above paragraphs as if fully rewritten herein.

35

113.    As a direct and proximate result of the Defendants' conduct described herein, individually and/or collectively, Antony Jones suffered his untimely and wrongful death.

113.    At all times relevant, Defendants acted willfully, wantonly, maliciously, and with a conscious and reckless disregard for the health and safety of Antony Jones.

114.    As a direct and proximate result of his wrongful death, the next of kin of Antony Jones have and will forever suffer those injuries and damages set forth in Ohio's wrongful death statute.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, jointly and severally, for:

e)      Compensatory damages in an amount that will fully and fairly compensate Antony Jones's next-of-kin for their injuries damages, and loss including, loss of support, services, society, including loss of companionship, consortium, care, assistance, guidance, protection, advice, counsel, instruction, training, education, loss of inheritance, and mental anguish;

f)      All reasonable funeral and burial expenses;

g)      Costs of suit and reasonable attorneys' fees; and

h)      All other damages recoverable under Ohio's wrongful death statutes, including all such other relief which the Court deems equitable.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

s/ *Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
JEREMY A. TOR (0091151)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*jtor@spanglaw.com*

JAMES J. HARRINGTON, IV (Mich. Bar No. P65351)
(*pro hac vice forthcoming*)
**FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.**
19390 W. Ten Mile Rd.
Southfield, MI  48075
(248) 355-5555
(248) 355-5148 (FAX)
*j.harrington@fiegerlaw.com*

***Counsel for Plaintiffs***