PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHRYN A. BELFANCE, *et al.*, | CASE NO. 5:18CV1739 |
| Plaintiffs, | |
| v. | JUDGE BENITA Y. PEARSON |
| STEVEN BARRY, *et al.*, | **MEMORANDUM OF OPINION** |
| Defendants. | **AND ORDER** [Resolving ECF No. 8] |

Pending before the Court is Defendant Mark Reynolds, R.N.'s Motion to Dismiss. ECF No. 8. Plaintiffs filed an opposition. ECF No. 17. Defendant has not replied, and his time to do so has passed. For the reasons that follow, the Court denies Defendant's motion.

## I. Background[1]

Plaintiffs Kathryn Belfance and Philip Kaufmann are co-administrators of the estate of Decedent Antony Jones. ECF No. 1 at PageID #: 4. Decedent was an inmate who had been detained at Summit County Jail on several occasions. *Id.* at PageID #: 13. During one such period of detention, either Advanced Correctional Healthcare, Inc. ("Advanced") or Summit Psychological Associates, Inc. ("Summit") allegedly diagnosed Decedent with schizophrenia and recommended that he be housed in the jail's mental health pod. *Id.* His mental health history also includes diagnoses of paranoia, paranoid schizophrenia, psychosis, depression, and bipolar

---

[1] As indicated below, the facts in this section are reported in the light most favorable to Plaintiff.

(5:18CV1739)

disorder. *Id.* Decedent received treatment, including prescription drug therapy, from Portage Path Behavioral Health for his mental health conditions. *Id.* at PageID #: 13.

Decedent was most recently incarcerated at Summit County Jail from August 8, 2017 to September 1, 2017. *Id.* at PageID #: 14. During this period of incarceration, Decedent purportedly underwent medical and mental health evaluations. *Id.* Defendants allegedly possessed or had access to Decedent's outside mental health records. *Id.* Nonetheless, neither Advanced nor Summit, nor any of their employees, including Defendant Reynolds, ordered Decedent's prescribed medication for his mental health conditions. *Id.* Nor did they place Decedent in a mental health pod, as recommended during one of Decedent's prior periods of detention. *Id.* Rather, Decedent was assigned to a general housing unit. *Id.* Decedent, as a result of not receiving his prescription medications, allegedly "was behaving erratically . . . acting paranoid, and . . . in the obvious throes of an exacerbation of his underyling mental health condition(s) and/or a mental health crisis." *Id.* at PageID #: 15.

On September 1, 2017, Defendant Zalick escorted Decedent to a disciplinary cell. *Id.* On the way to the cell, Decedent asked Zalick, "Why are you doing this to me?" *Id.* He then pulled his arm away. *Id.* Zalick allegedly bear-hugged Decedent from behind, lifted him off his feet, and slammed him to the ground. *Id.* Several deputies allegedly arrived and assisted Zalick in inflicting bodily harm to Decedent. *Id.* at PageID #: 15-16. Decedent became unresponsive. *Id.* at PageID #: 17. Paramedics transported Decedent to Akron General Hospital, where he died on September 2, 2017. *Id.*

2

## II. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Twombly*, 550 U.S. at 564. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more

(5:18CV1739)

than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. Analysis

Plaintiffs assert three claims against Defendant Reynolds: (1) a claim for deliberate indifference to a serious medical need under 42 U.S.C. § 1983, (2) a state claim for medical negligence, and (3) a state claim for wrongful death. Defendant Reynolds moves to dismiss Plaintiffs' claim under 42 U.S.C. § 1983 for failure to plead sufficient facts to state a facially plausible claim. Defendant additionally contends that, because Plaintiffs' federal claim is subject to dismissal, the state claims against Defendant should also be dismissed for lack of subject matter jurisdiction. Finally, Defendant claims Plaintiffs' attached affidavit of merit under Ohio Civ. R. 10(D)(2)(a) is deficient. The Court takes each of Defendant's arguments in turn.

#### A. Well-Pleaded Complaint

A cause of action under 42 U.S.C. § 1983 for failure to provide adequate medical care requires a showing of deliberate indifference to the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). A plaintiff must prove both an objective and subjective component to establish a claim for denial of medical care. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). "The objective component requires a plaintiff to show the existence of a sufficiently serious medical need."

4

(5:18CV1739)

*Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (internal citations omitted). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore*, 390 F.3d at 897. The subjective component requires a showing that the defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Defendant claims Plaintiffs failed to plead any facts supporting their contention that Defendant was deliberately indifferent to Decedent's serious medical needs. Plaintiffs allege Defendant acted "negligently, wilfully, wantonly, maliciously, and with reckless and callous disregard for and deliberate indifference to the safety and serious and medical and mental health needs of [Decedent]." ECF No. 1 at PageID #: 7. Defendant argues this recitation amounts to nothing more than a legal conclusion and is unsupported by the factual allegations in the Complaint. ECF No. 8 at PageID #: 194.

Defendant misconstrues Plaintiffs' factual allegations. Plaintiffs allege sufficient facts, which, if taken as true, show a plausible claim for relief under 42 U.S.C. § 1983.

Plaintiffs allege Decedent was prescribed medication for his various mental health conditions. ECF No. 1 at PageID #: 13. His treatment records allegedly show that continued treatment, including prescription drug treatment, was necessary. *Id.* These factual allegations suffice to show the existence of a serious medical need. Plaintiffs have adequately pled facts in support of the objective component of their deliberate indifference claim.

5

(5:18CV1739)

Moreover, Plaintiffs allege Defendants, including Reynolds, "were in possession of and had access to" Decedent's mental health records documenting his diagnoses of various mental health conditions and need for ongoing treatment. *Id.* at PageID #: 14. Nonetheless, neither Advanced nor Summit, nor any of their employees, including Defendant Reynolds, ordered Decedent's prescribed medication for his mental health conditions. *Id.* Nor did they place Decedent in a mental health pod, as recommended during one of Decedent's prior periods of detention. *Id.* Rather, Decedent was assigned to a general housing unit. *Id.* It is plausible, from these factual allegations, that Reynolds possessed information from which he could identify a substantial risk of harm to Decedent if Decedent were not placed in a mental health pod and not provided his prescribed medication, and that he did in fact draw this inference. It is also plausible that Reynolds, along with other named Defendants, disregarded that risk by assigning Decedent to a general housing unit and denying him his medication.

Accordingly, Plaintiffs have pled sufficient facts to state a facially plausible claim to relief under 42 U.S.C. § 1983.

**B. Subject Matter Jurisdiction**

Defendant's challenge to the Court's subject matter jurisdiction of Plaintiffs' state law claims against him hinges on the dismissal of Plaintiffs' claim under 42 U.S.C. § 1983. Because the claim survives, the Court need not consider Defendant's subject matter jurisdiction argument.[2]

---

[2] Defendant's argument would fail. If the "district courts have original jurisdiction, [then] the district courts shall have supplemental jurisdiction over all other

(continued...)

(5:18CV1739)

### C. Sufficiency of Affidavit of Merit

Under Ohio Civ. R. 10(D)(2), a complaint containing a medical claim must include an affidavit of merit from an expert witness.[3] *Beair v. Ohio Dep't of Rehab.*, 156 F. Supp. 3d 898, 905 (N.D. Ohio 2016) (citing *Thompson v. United States*, No. 1:13-CV-00550, 2013 WL 3480347, at *1 (N.D. Ohio July 10, 2013)). "A 'medical claim' is one that 'arises out of the medical diagnosis, care, or treatment of any person,' and is 'asserted against' a physician, nurse, physical therapist, EMT, hospital, or any employee or agent of a physician or hospital." Ohio Rev. Code § 2305.113(E)(3); *see also Wick v. Lorain Manor, Inc.*, No. 12CA010324, 2014 WL 4824685, at *4 (Ohio Ct. App. Sept. 30, 2014) (medical negligence and wrongful death claims

---

[2](...continued)
claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). Ignoring Plaintiffs' federal claim against Defendant, the Court has original jurisdiction over Plaintiffs' claims under 42 U.S.C. § 1983 against other Defendants. Plaintiffs' state law claims against Defendant Reynolds are part of the same case or controversy as Plaintiffs' federal claims against the other Defendants. The Court does not need Plaintiffs' federal claim against Defendant Reynolds to survive in order to exercise supplemental jurisdiction over Plaintiff's state law claims.

[3] There is a split in authority as to whether an affidavit of merit is required under Ohio Civ. R. 10(D)(2) to proceed in federal court. Some cases have found the Rule to be substantive and therefore required. *See, e.g.*, *Gallivan v. United States*, No. 18-545, 2018 WL 4145012 (N.D. Ohio Aug. 30, 2018) (Pearson, J.); *Cross v. Marietta Opco, LLC*, No. 18-820, 2018 WL 5650013, at *2 (S.D. Ohio Oct. 31, 2018) (Sargus, J.). Others have found the Rule to be procedural and in conflict with the Federal Rules of Civil Procedure. *See, e.g.*, *Beair v. Ohio Dep't of Rehab.*, 156 F. Supp. 3d 898, 906 (N.D. Ohio 2016) (Carr, J.); *Larca v. United States*, 302 F.R.D. 148, 157-60 (N.D. Ohio 2014) (Lioi, J.). The issue is now on appeal to the Sixth Circuit. *Gallivan v. United States*, No. 18-3874 (6th Cir.). The Court need not determine whether an affidavit of merit is required in this case because it finds Dr. Thomas' affidavit of merit to be sufficient under Ohio law.

(5:18CV1739)

arising out of a skilled nursing facility's care and treatment of a patient are medical claims subject to Ohio Civ. R. 10(D)(2)). Plaintiffs' state law claims against Defendant Reynolds arise out of his alleged failure, as a nurse, to provide proper medical diagnosis, care, or treatment to Decedent. They are therefore medical claims under Ohio law.

Plaintiffs attach an affidavit of merit executed by Dr. Brian Thomas in support of their claims against all Defendants. Defendant Reynolds challenges the sufficiency of the affidavit on two separate grounds. First, Defendant claims a single affidavit of merit that "summarily lumped together . . . all 'Defendants identified in the Complaint'" does not satisfy the "relative to each defendant" requirement under Civil Rule 10(D)(2). Second, Defendant contends Dr. Thomas is not clinically competent to opine regarding matters of nursing medicine.

### 1. Relative to Each Defendant

Civil Rule 10(D)(2) requires the inclusion of "one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." This does not, however, require a separate affidavit of merit for each defendant. A single affidavit is acceptable if one expert is qualified to address the standard of care applicable to multiple medical providers. *Woods v. Riverside Methodist Hosp.*, No. 11AP-689, 2012 WL 2759260, at *4 (Ohio Ct. App. July 10, 2012).[4] The affidavit must be specific enough to identify

---

[4] The affidavit of merit in *Woods* was insufficient for a different reason – in reference to multiple defendants, the affiant averred that the standard of care was breached by "one or more of the Defendants to the action." *Woods*, 2012 WL 2759260, at *3. As *Woods* notes, "[a]t the very least, [the affiant] could have indicated that the standard of care was breached by every defendant named in the complaint." *Id.* Because it was unclear whom the affiant believed breached the standard of care, the affidavit was

(continued...)

8

(5:18CV1739)

which defendant or defendants the affiant believes breached the standard of care. *O'Stricker v. Robinson Mem'l Hosp. Found.*, 90 N.E.3d 28, 34 (Ohio Ct. App. 2017).

Dr. Thomas avers "the medical staff (Defendants identified in the Complaint) at the Summit County Jail" breached the applicable standards of care. ECF No. 1-1 at PageID #: 38. This would exclude all named Defendants who are not medical staff, and would include Advanced, Summit, and all individually named medical staff, including Defendant Reynolds. Because there is no ambiguity as to the identity of each defendant Dr. Thomas believes breached the standard of care, the "relative to each defendant" requirement has been satisfied.

### 2. Same or Substantially Similar Specialty

An affiant signing an affidavit of merit must be qualified as an expert under Ohio Evid. R. 702. Ohio Civ. R. 10(D)(2). Rule 702 requires the witness to be "qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter." Ohio Evid. R. 702(B). In order to be qualified to give an expert medical opinion, the witness must practice in the same or a substantially similar specialty as the defendant. R.C. § 2743.43(A)(3). Nonetheless, when fields of medicine overlap and more than one type of specialist may perform a treatment, a witness who does not practice the same speciality may qualify as an expert. *McMichael v. Akron Gen. Med. Ctr.*, 97 N.E.3d 756, 772 (Ohio Ct. App. 2017).

---

[4](...continued)
found to be insufficient. *Id.*

(5:18CV1739)

Dr. Thomas is board certified in psychiatry. ECF No. 1-1 at PageID #: 38. He states he is familiar with the standards of care applicable to the medical, mental health, and psychiatric evaluation and treatment, including the classification and housing, of jail detainees. *Id.* Dr. Thomas has demonstrated he practices in the same or substantially similar specialty as Defendant. Moreover, the Court finds at least one case in which a doctor signed an affidavit of merit in support of a medical claim against a nurse. *See Snowden v. Ekeh*, 67 N.E.3d 1255, 1264 (Ohio. Ct. App. 2016) (doctor's affidavit of merit as to nurses and other hospital staff cannot be used for the purpose of impeachment). Dr. Thomas is qualified to opine regarding the standard of care applicable to Defendant Reynolds.[5]

Accordingly, Plaintiffs' claims are not subject to dismissal based on the Affidavit of Merit.

## IV. Conclusion

For the above reasons, Defendant Reynolds' Motion to Dismiss is denied. ECF No. 8.

IT IS SO ORDERED.

| | |
|---|---|
| March 1, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[5] Alternatively, to the extent that doctors and nurses within the field of psychiatry are not "in the same or substantially similar specialty," the fields sufficiently overlap, and Dr. Thomas may perform the same treatment as Defendant Reynolds. *See McMichael*, 97 N.E.3d at 772.

10